UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BALDWIN,

    Petitioner,　　　　　　　　　　Case No. 2:21-CV-10296
　　　　　　　　　　　　　　　　　　　　HONORABLE VICTORIA A. ROBERTS
v.

MICHELLE FLOYD,

    Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) DENYING THE MOTION TO EXPAND THE RECORD (ECF No. 11), (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Timothy Baldwin, ("Petitioner"), confined at the Cooper Street Correctional Facility in Jackson, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317. Respondent filed a motion to dismiss the petition (ECF No. 8) on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner submitted a reply to the motion to dismiss. (ECF No. 10). For the reasons that follow, the petition for a writ of habeas corpus is summarily dismissed with prejudice pursuant to 28 U.S.C. § 2244 (d)(1).

1

# I. BACKGROUND

Petitioner pleaded guilty to second-degree murder in the Washtenaw County Circuit Court.

Direct review of petitioner's conviction ended in the state courts on March 26, 2007, when the Michigan Supreme Court denied Petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Baldwin*, 477 Mich. 1057, 728 N.W.2d 436 (2007).

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on June 20, 2007. (See ECF No.9-6, PageID.303). The trial court denied Petitioner's motion. *People v. Baldwin,* No. 04-969-FC (Washtenaw County Circuit Court, Oct. 1, 2007)(ECF No. 9-8). On May 13, 2008, Petitioner filed a "Verified Motion for Relief From Judgment" in the Michigan Court of Appeals; the motion was filed under his old case number from his direct appeal. (ECF No. 9-9, PageID.346). The Michigan Court of Appeals rejected the filing on the ground that it was an "Improperly filed motion after case concluded." *People v. Baldwin,* No. 271256 (Mich. Court of Appeals May 19, 2008)(ECF No. 9-10, PageID.350). Petitioner did not attempt to file a post-conviction appeal before the Michigan Court of Appeals under a new case number nor did he file an application for leave to appeal to the Michigan Supreme Court.

On November 18, 2018, Petitioner filed a motion to amend his presentence investigation report and a motion for resentencing with the trial court.[1] On February 21, 2019, the trial court granted Petitioner's motion to amend his presentence investigation report, but denied the motion for resentencing. *People v. Baldwin,* No. 04-969-FC (Washtenaw County Circuit Court Feb. 21, 2019)(ECF No. 1, PageID.14-15). Petitioner filed a motion for reconsideration, which the trial court denied in an order dated April 22, 2019. *People v. Baldwin,* No. 04-969-FC (Washtenaw County Circuit Court Apr. 22, 2019)(ECF No. 1, PageID.16). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Baldwin,* No. 349925 (Michigan Court of Appeals Nov. 21, 2019); *lv. den.* 505 Mich. 1043, 941 N.W.2d 649 (2020); *reconsideration den.* 506 Mich. 856, 946 N.W.2d 256 (2020).

On January 22, 2021, Petitioner filed his habeas petition with this Court.[2]

---

[1] There was some discrepancies over the date that this motion was filed. Petitioner in his petition indicates that he filed the motion in February of 2019. (ECF No. 1, PageID. 2). Respondent in the motion to dismiss indicates that this motion was filed in "late 2018". (ECF No. 8, PageID.109). Petitioner in his application for leave to appeal to the Michigan Court of Appeals indicated that he filed the motion with the trial court on November 15, 2018. (ECF No. 9-11, PageID.499). The Register of Actions for Petitioner's criminal case in the Washtenaw County Circuit Court indicates that an unspecified document was filed with that court on November 20, 2018. The Register indicates that the prosecutor filed a response to the motion to correct the PSIR and for re-sentencing on November 28, 2018. (ECF No. 9-1, PageID.133). Giving Petitioner the benefit of the doubt of the prison mailbox rule, it appears the motion was filed on November 15, 2018 and actually docketed by the trial court on November 20, 2018.

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on January 22, 2021, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

3

## II. DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007); *see also Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at *1–2 (6th Cir. Jan. 8, 2019)(Sixth Circuit denied petitioner's request for a certificate of appealability where the district court properly dismissed petition on statute-of-limitations grounds under Habeas Rule 4).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). A petition for a writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 749 (E.D. Mich. 2002).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 26, 2007. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on June 24, 2007, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).

The Court recognizes that Petitioner filed a motion for resentencing and to amend the presentence report in 2018. The trial court agreed to amend the presentence report but denied the motion for resentencing.

When a state court conducts a full resentencing, "the resulting sentence is a new "judgment" that restarts § 2244(d)(1)'s timeclock." *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1056 (2021). The imposition of a new, less favorable sentence, upon a limited resentencing, likewise amounts to a new "judgment" that restarts the one-year limitations period for filing a federal habeas petition. *Id.* at 229-30. However, where the state court does not conduct a resentencing hearing and the state court does not issue a new sentencing entry or a new judgment, a sentence modification does not restart the one year statute of limitations. *Id.* at 230.

The judge did not conduct a full resentencing nor issue a new sentencing entry on the court's docket sheet nor a new judgment. (See ECF No. 9-1, PageID.133). The modification of the presentence investigation report did not delay the commencement of the one year limitations period.

Petitioner's conviction became final on June 24, 2007. Absent state collateral review, Petitioner was required to file his petition for a writ of habeas corpus with this Court no later than June 25, 2008, in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

6

Petitioner filed a post-conviction motion for relief from judgment with the trial court on June 20, 2007, before the one year statute of limitations began to run. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute.

The trial court judge denied the motion for relief from judgment on October 1, 2007. Petitioner did not file an application for leave to appeal in a new case before the Michigan Court of Appeals. Instead, Petitioner filed a "Verified Motion for Relief From Judgment" with the Michigan Court of Appeals under the old case number from his direct appeal on May 13, 2008. The Michigan Court of Appeals rejected the filing on the ground that it was an "Improperly filed motion after case concluded." *People v. Baldwin,* No. 271256 (Michigan Court of Appeals May 19, 2008)(ECF No. 9-10, PageID.350).

An application for state post-conviction relief is only considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).

7

The Michigan Court of Appeals concluded that Petitioner's motion was not properly before that court because it was filed under the case number for Petitioner's old case after that case was concluded. Federal courts defer to state courts on issues of state law and procedure; this Court must defer to the Michigan Court of Appeals' determination that Petitioner's "Verified Motion for Relief From Judgment" was not filed in substantial compliance with the filing requirements under Michigan law for filing a post-conviction appeal. *See Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003); *Israfil*, 276 F.3d at 771-72.

Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner never filed an actual application for leave to appeal before the Michigan Court of Appeals following the denial of his post-conviction motion by the trial court. Petitioner's "Verified Motion for Relief From Judgment" was dismissed because it was not the proper vehicle for him to seek appellate review of his post-conviction motion; the motion was not properly filed and did not toll the limitations period pursuant to § 2244(d)(2).

A habeas petitioner is entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) for the time that he could have appealed the denial of a state post-conviction motion, even if the petitioner never filed an appeal. *See Holbrook v.*

8

*Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). At the time that Petitioner filed his post-conviction motion, Petitioner had one year to file a delayed application for leave to appeal following the denial of his motion for relief from judgment on October 1, 2007. *See* M.C.R. 7.205(F)(3). [3] The tolling would have ended pursuant to 28 U.S.C. § 2244(d)(2) on October 1, 2008, when the time period to file an appeal expired.

The tolling in this case ended on October 1, 2008. Petitioner had until October 1, 2009 to timely file his habeas petition.

Petitioner filed his motion to amend the pre-sentence report and the motion for resentencing on November 15, 2018, after the one year limitations period expired. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2). There is no period left to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002); *see also Smith v. Meko*, 709 F. App'x 341, 345 (6th Cir. 2017)(limitations period was not tolled by his state collateral attack that was filed after AEDPA one-year limitations expired.).

Petitioner did not file his petition until January 22, 2021, well after the limitations period expired. The petition is untimely.

---

[3] M.C.R. 7.205(F)(3) was amended in June of 2011 to require a delayed application for leave to appeal to be filed within six months of the judgment being appealed.

9

Petitioner in his reply brief does not dispute that the petition was filed beyond the one year limitations period. He argues that it was improper for respondent to simply file a motion to dismiss on statute of limitations grounds and that this Court should address the merits of his claim.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it is permissible for a respondent to file a motion to dismiss or for summary judgment on statute of limitations grounds, rather than an answer on the merits. *See Jackson v. Straub,* 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004). Respondent filed a motion to dismiss the petition on statute of limitations grounds, rather than an answer addressing the merits. A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling of the one year limitations period; he failed to argue or show that

10

the facts of his case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception; he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Any actual innocence exception to the AEDPA's statute of limitations is particularly inapplicable, in light of the fact that Petitioner pleaded guilty. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

### III. CONCLUSION

The Court dismisses the current petition; it was filed outside of the one year limitations period contained in § 2244(d)(1).

The Court denies the motion to expand the record; no purpose would be served by expanding the record in this case.

The Court denies Petitioner a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or a district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*

*v. McDaniel*, 529 U. S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court denies Petitioner a Certificate of Appealability; reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner did not file his habeas petition within the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.

Although this Court denies a Certificate of Appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24

13

(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's dismissal of Petitioner's habeas petition, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id*.

## IV.  ORDER

**IT IS ORDERED** that:

(1) the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED PURSUANT TO 28 U.S.C. § 2244(d)**.

(2) the motion to expand the record (ECF No. 11) is **DENIED**.

(3) a Certificate of Appealability is **DENIED**.

(4) Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  11/2/2021